# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL E. DIAZ,<br><br>         Plaintiff,<br><br>    v.<br><br>R. DIAZ, et al.,<br><br>         Defendants. | CASE NO. 1:12-cv-01296-AWI-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1.) |

**DISMISSAL FOR FAILURE TO STATE A CLAIM**

Plaintiff, Miguel E. Diaz ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on August 9, 2012. (Doc. 1.) Plaintiff's complaint fails to set forth any factual allegations. Plaintiff's complaint references "Attached Forms and Memorandum," but includes no such attachment.  To state a claim for relief a complaint must contain "a short plain statement of the claim" and "a demand for the relief sought." Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Plaintiff's complaint includes no factual allegations, and thus, fails to state any claims under

section 1983. The Court grants Plaintiff the opportunity to file an amended complaint, if he believes in good faith he can cure the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 662, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

## LEGAL STANDARDS

On August 9, 2009, Plaintiff filed a motion for a temporary restraining order. (Doc. 3.) In this motion, Plaintiff alleges facts suggesting that he may have intended to pursue claims in this action for violations of the Americas with Disabilities Act ("ADA"), the Eight Amendment for medical treatment, and the First Amendment for retaliation. In the event that Plaintiff wishes to file an amended complaint, the standards for stating such claims are listed below in order to provide Plaintiff some guidance for amending his complaint.

**1.      Eighth Amendment Medical Care**

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must show deliberate indifference to his serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted). The two-part test for deliberate indifference requires the plaintiff to show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096 (quotation marks and citation omitted).

Deliberate indifference may be manifested when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care, Jett, 439 at F.3d 1096 (citation and quotations omitted), but it is a high legal standard, Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (quotation marks omitted). Prison officials must not only be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, but they must also draw the inference. Toguchi, 391 F.3d at 1057 (citation and

quotation marks omitted).  If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.  Id. (citation and quotation marks omitted).

### 2. Americans with Disabilities Act

To establish a violation of Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he was "excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (3) "such exclusion or discrimination, or denial of benefits was because of his disability." Simmons, 609 F.3d at 1021 (citations omitted); Martin v. California Dept. of Veterans Affairs, 560 F.3d 1042, 1047 (9th Cir. 2009).  "The ADA prohibits discrimination because of disability, not inadequate treatment for disability."  Id.; Simmons, 609 F.3d at 1022.  The treatment or lack of treatment of a plaintiff's disability does not provide a basis upon which to impose liability.  Burger v. Bloomberg, 418 F.3d 882, 883 (8th Cir. 2005) (ADA claim cannot be based upon medical treatment decisions); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.");Additionally, the Ninth Circuit has held that a temporary disability does not constitute a disability under the ADA.  Sanders v. Amenson Products, Inc., 91 F.3d 1351, 1354 (9th Cir. 1996).

### 3. First Amendment Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

///

**CONCLUSION**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's complaint is DISMISSED with LEAVE to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff will have **thirty (30) days** from the date of service of this order to file an amended complaint; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated:  **February 14, 2013**

UNITED STATES MAGISTRATE JUDGE