1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9  | MIGUEL E. DIAZ,                          CASE NO. 1:12-cv-01296-AWI-SAB (PC)

10                      Plaintiff,          FINDING AND RECOMMENDATIONS
                                            RECOMMENDING THAT PLAINTIFF'S
11        v.                                MOTION FOR TEMPORARY RESTRAINING
                                            ORDER AND PRELIMINARY INJUNCTION
12  | R. DIAZ, et al.,                       BE DENIED

13                      Defendants.         (Doc. 3.)
    _____/
14                                          (THIRTY-DAY DEADLINE)

15

16        Plaintiff Miguel E. Diaz ("Plaintiff") is a state prisoner proceeding pro se and in forma

17  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint

18  on August 9, 2012. (Doc. 1.)  Plaintiff also filed a motion for a temporary restraining order and

19  preliminary injunction on August 9, 2012.  (Doc. 3.) In the previously issued order, the Court

20  dismissed Plaintiff's complaint with leave to amend.

21        "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v.

22  Natural Res. Def. Council, Inc., 555 U.S. 7, 22, 129 S.Ct. 365, 376 (2008) (citation omitted).  "A

23  plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits,

24  that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

25  equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted).

26  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id.

27  at 22 (citation omitted).

28        Federal courts are courts of limited jurisdiction and in considering a request for preliminary

1 injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before

2 it an actual case or controversy.  City of L.A. v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665

3 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454

4 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or

5 controversy before it, it has no power to hear the matter in question.  Id.  "[The] triad of injury in

6 fact, causation, and redressability constitutes the core of Article III's case-or-controversy

7 requirement, and the party invoking federal jurisdiction bears the burden of establishing its

8 existence."  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998).

9 Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison

10 Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn,

11 extends no further than necessary to correct the violation of the Federal right, and is the least

12 intrusive means necessary to correct the violation of the Federal right."

13     In light of Plaintiff's complaint being dismissed with leave to amend, there is no actual case

14 or controversy before the Court at this time.  Therefore, the Court lacks the jurisdiction to issue the

15 orders sought by Plaintiff.  Summers v. Earth Island Inst., 555 U.S. 488, 493,129 S.Ct. 1142, 1149

16 (2009); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1119 (9th Cir. 2009).

17     Accordingly, it is **HEREBY RECOMMENDED** that Plaintiff's motion for a temporary

18 restraining order and preliminary injunction be **DENIED**. (Doc. 3.)

19     These Findings and Recommendations will be submitted to the United States District Judge

20 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days**

21 after being served with these Findings and Recommendations, the parties may file written objections

22 with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

23 Recommendations."  The parties are advised that failure to file objections within the

24 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

25 1153 (9th Cir. 1991).

26

27 IT IS SO ORDERED.

28

2

1   Dated:  <u>**February 14, 2013**</u>   _____

2                                          UNITED STATES MAGISTRATE JUDGE

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28