1
2
3
4
5
6
7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11   MIGUEL E. DIAZ,                         )   Case No.: 1:12-cv-01296-AWI-SAB (PC)
                                              )
12                    Plaintiff,              )   FINDINGS AND RECOMMENDATION
                                              )   REGARDING PLAINTIFF'S MOTION FOR
13            v.                              )   INJUNCTIVE RELIEF
                                              )
14   R. DIAZ, et al.,                         )   [ECF No. 20]
                                              )
15                    Defendants.             )
                                              )
16   _____         )

17         Plaintiff Miguel E. Diaz is appearing pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.

19          On May 9, 2013, Plaintiff filed a motion entitled, "Motion for Court Order to Release me from

20   'Contact Isolation.'"  (ECF No. 20.)

21                                         **I.**

22                                   **DISCUSSION**

23         In his motion, Plaintiff alleges that on April 30, 2013, psychiatrist Dr. Atteins was being

24   "pressured" to put Plaintiff in the "psychiatric ward" in a "crisis" bed.  After speaking with Plaintiff,

25   Dr. Atteins realized that she was being pressured by prison staff, and she therefore found Plaintiff to

26   be mentally competent to refuse medical treatment.  However, the next day, in retaliation for filing the

27   instant action, the Chief Medical Officer ordered Plaintiff to be physically forced into "contact

28   isolation" until he submitted to medical treatment.

                                          1

The Court construes Plaintiff's motion as a request for a preliminary injunction.  In an order concurrently herewith, the Court has found that the complaint states a cognizable claim for retaliation for against Defendants Lozano, Andres, Popper, and Root, and a cognizable Eighth Amendment violation for deliberate indifference to a serious medical need against Defendants Lozano, Andres, Popper, Gallagher, and Morales.

"A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22, 129 S.Ct. 365, 376 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Id. at 20 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of L.A. v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence."  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998).  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

"A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."  Kaimowitz v.

2

1   Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997) (citing De Beers Consol. Mines v. U.S., 325 U.S. 212,

2   220 (1945).)

3          In the instant motion for a preliminary injunction, Plaintiff seeks injunctive relief related to

4   retaliation, in the form of his mental health status, he suffered as a result of filing the instant action.

5   Plaintiff's claim for injunctive relief is not sufficiently related to the claims present in this action and

6   injunctive relief is not warranted.  Plaintiff's retaliation claims in the complaint, found to be

7   cognizable, relate to a false disciplinary charge for filing an inmate grievance, and confiscation of a

8   medical chrono in retaliation for filing an ADA appeal.  However, the instant retaliation claim is

9   against an unnamed Chief Medical Officer who rendered Plaintiff mentally unstable to render a

10  decision regarding his medical treatment.  While two of the claims deal with medical issues, they are

11  unrelated factually so as to warrant injunctive relief.  Further, Plaintiff has sought injunctive relief

12  against an individual who is not a party to the action and over whom the Court has no jurisdiction.

13  See Zepeda v. United States, I.N.S., 753 F.2d 719, 727 (9th Cir. 1983) (court must have personal

14  jurisdiction over the parties in order to issue an injunction against an individual and the court cannot

15  enjoin individuals who are not yet served.)

16                                                    **II.**

17                                        **RECOMMENDATION**

18          Accordingly, it is recommended that Plaintiff's motion for preliminary injunction, be

19  DENIED.

20          This Findings and Recommendations will be submitted to the United States District Judge

21  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days**

22  after being served with this Findings and Recommendations, Plaintiff may file written objections with

23  the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

24  ///

25  ///

26  ///

27  ///

28  ///

                                                    3

1   Recommendation." Plaintiff is advised that failure to file objections within the specified time may

2   waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3

4   IT IS SO ORDERED.

5

6   Dated:   **November 5, 2013**

7                                                                                UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28