UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL E. DIAZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. DIAZ, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-01296-AWI-SAB (PC)<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS IDENTIFIED HEREIN<br><br>THIRTY-DAY DEADLINE |

　　　　Plaintiff Miguel E. Diaz is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Now pending before the Court is Plaintiff's first amended complaint filed on March 22, 2013. (ECF No. 17.)

**I.**

**SCREENING REQUIREMENT**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare

1

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## PLAINTIFF'S COMPLAINT

On April 30, 2012, Plaintiff went to his work assignment and correctional officers Lozano and Pilgrim refused to provide a "reasonable accommodation per the [Americans with Disabilities Act]." On this same date, Plaintiff spoke with Lieutenant Gallagher who stated that "even if you bleed it's not our problem," and he indicated he spoke with appeals coordinator Heck who stated the chrono is invalid per her opinion.

On May 6, 2012, Plaintiff sent a letter to Warden Diaz to advise him of the violations of the Americans with Disabilities Act (ADA), and he ignored the letter.

On May 8, 2012, he wrote a letter to J. Reynoso, ADA coordinator, to complain about the violations of the ADA, and the letter was ignored.  She denied a "reasonable accommodation" for his lower mobility impairments which denied him access to work causing a loss of wages and credit earnings.

1    On May 9, 2012, Plaintiff spoke with Lieutenant Morales and he stated "your chrono is no good here." Morales indicated it did not matter if it was his medical opinion stating "it doesn't matter I'm a [Lieutenant] and this is my yard and Lozano works for me and I'm backing him no matter what."

On May 11, 2012, Plaintiff met with Lieutenant Popper and he faxed the medical chrono that allowed him to wear personal soft shoes with orthotic inserts to avoid further tendon injury and bleeding.

On May 13, 2012, correctional officer McDonald told Lozano, in Plaintiff's presence, to speak with Captain Vasquez or he could get in trouble for denying ADA rights to Plaintiff.

On May 13, 2012, Plaintiff sent a second letter to J. Reynoso complaining about Lozano's continued discrimination and retaliation. She once again refused to act reasonably to protect him from misconduct by her subordinates, allowing a policy and custom of violating the ADA and First Amendment.

On May 14, 2012, Plaintiff spoke with Lieutenant Popper and requested that he stop the continuing discrimination and retaliation by Lozano. He informed Plaintiff that he would speak to J. Reynoso.

On May 25, 2012, Plaintiff received a false rules violation report for refusing to work. It was dismissed by Licensed Vocational Nurse Haines who told Lieutenant Andres that Plaintiff's medical chrono was valid and to "stop denying him his rights, someone could get in trouble." Lieutenant Andres advised Plaintiff against filing a grievance regarding the false rules violation report. Lieutenant Andres failed to protect Plaintiff from Lozano's actions, and further stated "you could wind up somewhere worse than here you know."

On May 28, 2012, Sergeant Beltran advised that he would have the doctor "pull" the chrono so Lozano would be protected.

On May 30, 2012, Plaintiff spoke with Lieutenant Popper regarding the ADA violations and he stated, "you didn't get convicted of the 115, you should be happy the LVN covered for you. Andres wanted to find you guilty to cover for Lozano."

On June 4, 2012, correctional officer Mason told Plaintiff to update the chrono for his shoes.

3

1   On June 6, 2012, Plaintiff spoke with Sergeant J Lopez about the ADA appeal regarding his
2  medical chrono.  He said J. Reynoso had never seen the chrono.  Lieutenant Popper spoke to Reynoso
3  in Plaintiff's presence in which Reynoso indicated she received a copy of the chrono.
4   On June 11, 2012, Lieutenant Andres told Lozano to write a violation for Plaintiff refusing to
5  wear state issued shoes.
6   On August 6, 2012, Plaintiff's ADA appeal was granted at the second level of review.
7   On March 13, 2013, he was informed that correctional officer Root stated, "I'm getting sued so
8  Diaz will not be allowed to come to work any longer.  I'm rescinding his reasonable accommodation
9  and chrono."
10   From May 4, 2012, to the present, appeals coordinators Hall, Cota, and Heck have refused to
11  act reasonably to protect him and take reasonable measures to restrain and/or discipline the officers for
12  violating the ADA.

### III.

### DISCUSSION

**A.   Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff's allegations that correctional officer Lozano wrote a false disciplinary charge, approved by Lieutenants Andres and Popper, in retaliation for filing an administrative appeal, is sufficient to give to rise to a retaliation claim against these Defendants.

Plaintiff claims that correctional officer Root stated "I'm getting sued so Diaz will not be allowed to come to work any longer. I'm rescinding his 'reasonable accommodation and chrono.'" Plaintiff allegation that Root was aware he filed an ADA appeal and believed he was suing him and canceled his medical chrono in retaliation is sufficient to state a cognizable retaliation claim. Plaintiff's vague claim that Lieutenant Morales and Ms. Heck advised Root that he could deny the reasonable accommodation is insufficient factually to give rise to a cognizable retaliation claim.

### B.   Americans with Disabilities Act

Throughout his complaint, Plaintiff makes repeated references to the fact that several Defendants have violated the Americans with Disabilities Act.

Title II of the ADA "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

The treatment, or lack of treatment, concerning Plaintiff's medical condition does not provide a basis upon which to impose liability under the RA or the ADA. Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

Further, Plaintiff may name the appropriate entity or state officials in their official capacities, but he may not name individual prison employees in their personal capacities. Shaughnessy v. Hawaii, No. 09-00569 JMS/BMK, 2010 WL 2573355, at *8 (D.Hawaii Jun. 24, 2010); Anaya v. Campbell, No. CIV S-07-0029 GEB GGH P, 2009 WL 3763798, at *5-6 (E.D.Cal. Nov. 9, 2009); Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005). Individual liability is precluded under the ADA. Shaughnessy, 2010 WL 2573355, at *8; Anaya, 2009 WL 3763798, at *5-6; Roundtree, 2005 WL 3284405, at *5.

Plaintiff has not shown that he was intentionally discriminated against based on any disability because his allegations relate only to medical issues and the denial to accommodate his medical chrono for soft shoes.  In addition, Petitioner names only individual defendants.  For all these reasons, Plaintiff fails to state a claim for violation of the ADA

### C. Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow, 681 F.3d at 985; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Construing Plaintiff's allegations liberally, as this Court must, Plaintiff states a cognizable Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants Lozano, Lieutenants Andres, Popper, Gallagher, and Morales.

### D. Policy and Custom

Plaintiff makes vague reference to the fact that Defendants are liable for implementing and enforcing a policy and custom in violation of the ADA.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelel v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).  A suit brought against prison officials in their official capacity is

generally equivalent to a suit against the prison itself. McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986). Therefore prison officials may be held liable if "'policy or custom' … played a part in the violation of federal law." Id. (quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985).) The official may be liable where the act or failure to respond reflects a conscious or deliberate choice to follow a course of action when various alternatives were available. Clement v. Gomez, 298 F.3d 989, 905 (9th Cir. 2002) (quoting City of Canton v. Harris, 489 U.S. 378, 389 (1989); see also Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). To prove liability for an action policy the plaintiff "must … demonstrate that his deprivation resulted from an official policy or custom established by a … policymaker possessed with final authority to establish that policy." Waggy, 594 F.3d at 713. Liability for failure act requires that Plaintiff show that the "employee violated the plaintiff's constitutional rights," the agency "has customs or policies that amount to deliberate indifference;" and "these customs or policies were the moving force behind the employee's violation of constitutional rights." Long, 442 F.3d at 1186.

Plaintiff has failed to sufficiently allege a policy or custody that amounted to deliberate indifference. Accordingly, Plaintiff fails to state a cognizable claim.

**E.     Consent Decree**

In his complaint, Plaintiff refers to the remedial plans in Clark vs. California, 739 F.Supp.2d 1168 (N.D. Cal. 2010), Armstrong v. Davis, No. 3:94-cv-02307 CW (N.D. Cal. 1994), Coleman v. Wilson, 912 F.Supp. 1282, 1294 (E. D. Cal. 1995), Plata, et al. v. Brown, et al., 3:01-cv-01351-THE, which are class actions, and contends that staff at prison officials blatantly violate the consent decrees in these cases.

To the extent Plaintiff is attempting to base a claim on the violation of an order in any of the above-mentioned cases, a court order in any of those cases does not provide Plaintiff with an independent claim for relief in this action. See Cagle v. Sutherland, 334 F.3d 980, 986-87 (9th Cir. 2003) (consent decrees often go beyond constitutional minimum requirements, and do not create or expand rights); Green v. McKaskle, 788 F.2d 1116, 1123 (5th Cir. 1986) (remedial decrees remedy constitutional violations but do not create or enlarge constitutional rights). While Plaintiff may allege

independent claims for relief based for violation of his rights under federal law, Hiser v. Franklin, 94 F.3d 1287, 1291 (9th Cir. 1996), Plaintiff may not rely on the violation of consent decrees or remedial plans in other cases to state a claim, Frost v. Symington, 197 F.3d 348, 358-59 (9th Cir. 1999).  Relief for violation of consent decrees or remedial plans must be pursued in the case in which the decree or plan was issued.  Frost, 197 F.3d at 358-59; Crayton v. Terhune, No. C 98-4386 CRB (PR), 2002 WL 31093590, *4 (N.D. Cal. Sept. 17, 2002).  "[A] civil rights action is not the proper means by which to enforce a remedial decree."  Rogers v. Schriro, No. CV 07-0142-PHX-MHM (JRI), 2007 WL 2808226, *2 (D. Ariz. Sept. 25, 2007) (citations omitted).  "Jurisdiction to enforce the judgment is retained by the court that entered it," and "individual prisoners are not allowed to seek relief through a § 1983 action for violations of the decree."  Id. (citations omitted).

### F.     Supervisory Liability

Plaintiff names Warden Ralph Diaz and Associate Warden J. Reynoso based on their supervisory positions, and Hall, Cota, and Heck for their position as appeals coordinators.

Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct.  Iqbal, at 1948-49.  A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).  In short, some culpable action or inaction must be attributable to the supervising defendants. Starr v. Baca, 652 F.3d 1202, 1205 (9th Cir. 2011); Jeffers v. Gomez, 267 F.3d 895, 914-915 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435, 1446-1447 (9th Cir. 1991).  Further, denying a prisoner's administrative appeal generally does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007).

Plaintiff attempts to hold a number of named defendants liable under their supervisory positions and involvement in responding to Plaintiff's inmate appeals.  However, more is needed to

state a claim against supervisory personnel. Plaintiff must allege facts which show that they were involved in the underlying violation of his constitutional rights. Conclusory assertions that a defendant knew but failed to take action will not suffice. Jones v. Cmty. Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under § 1983).

## IV.
## CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable claim against Defendants Lozano, Andres, Popper, and Root for retaliation, and Defendants Lozano, Andres, Popper, Gallagher, and Morales for deliberate indifference to a serious medical need in violation of the Eighth Amendment. Plaintiff has not sufficiently alleged facts for any other claims against any of the other named Defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claim for retaliation and Eighth Amendment against the above-named Defendants, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and Defendants, and will forward Plaintiff six (6) summons and six (6) USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is

not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against the above-named Defendants for retaliation and deliberate indifference to a serious medical need; and

///

///

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **November 14, 2013**

UNITED STATES MAGISTRATE JUDGE