UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL E. DIAZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. DIAZ, et al.,<br><br>　　　　　Defendants. | Case No.: 1:12-cv-01296-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br>[ECF No. 27] |

　　　Plaintiff Miguel E. Diaz is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　Now pending before the Court is Plaintiff's motion for a temporary restraining order and preliminary injunction, filed on December 12, 2013.

**I.**

**DISCUSSION**

　　　In his motion, Plaintiff alleges that certain unnamed prison officials are conspiring to deprive him of food in retaliation for filing the instant action. In addition, Plaintiff contends that he has received over six rules violation reports since filing the instant action.

　　　In the Court's order issued November 14, 2013, the Court found that Plaintiff's first amended complaint stated a cognizable claim for retaliation for against Defendants Lozano, Andres, Popper, and Root, and a cognizable Eighth Amendment violation for deliberate indifference to a serious

1

1  medical need against Defendants Lozano, Andres, Popper, Gallagher, and Morales.  Plaintiff was
2  granted the option of either filing a second amended complaint or notifying the Court of his intent to
3  proceed on the claims found to be cognizable.

4  "A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v.
5  Natural Res. Def. Council, Inc., 555 U.S. 7, 22, 129 S.Ct. 365, 376 (2008) (citation omitted).  "A
6  plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that
7  he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities
8  tips in his favor, and that an injunction is in the public interest."  Id. at 20 (citations omitted).  An
9  injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  Id. at 22
10 (citation omitted).

11 Federal courts are courts of limited jurisdiction and in considering a request for preliminary
12 injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it
13 an actual case or controversy.  City of L.A. v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983);
14 Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464,
15 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or controversy before it,
16 it has no power to hear the matter in question.  Id.  "[The] triad of injury in fact, causation, and
17 redressability constitutes the core of Article III's case-or-controversy requirement, and the party
18 invoking federal jurisdiction bears the burden of establishing its existence."  Steel Co. v. Citizens for a
19 Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998).  Requests for prospective relief are further
20 limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the
21 Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the
22 violation of the Federal right, and is the least intrusive means necessary to correct the violation of the
23 Federal right."

24 "A district court should not issue an injunction when the injunction in question is not of the
25 same character, and deals with a matter lying wholly outside the issues in the suit."  Kaimowitz v.
26 Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997) (citing De Beers Consol. Mines v. U.S., 325 U.S. 212,
27 220 (1945).)

28 ///

In the instant motion for a preliminary injunction, Plaintiff seeks injunctive relief related to retaliation, in the form of his deprivation of food as a result of filing the instant action. Plaintiff's claim for injunctive relief is not sufficiently related to the claims present in this action and injunctive relief is not warranted. Plaintiff's retaliation claims in the complaint, found to be cognizable, relate to a false disciplinary charge for filing an inmate grievance, and confiscation of a medical chrono in retaliation for filing an ADA appeal. However, the instant retaliation claim is against unnamed prison officials relate to deprivation of food and issuance of six rules violation reports in retaliation for filing the instant action. While the claims are both retaliatory in nature, they are unrelated factually so as to warrant injunctive relief. Further, Plaintiff has sought injunctive relief against unnamed individuals who may or may not be a party to the action and the Court cannot determinate jurisdiction. See Zepeda v. United States, I.N.S., 753 F.2d 719, 727 (9th Cir. 1983) (court must have personal jurisdiction over the parties in order to issue an injunction against an individual and the court cannot enjoin individuals who are not yet served.)

## II.

## RECOMMENDATION

Accordingly, it is recommended that Plaintiff's motion for preliminary injunction, be DENIED.

This Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 30, 2013**

UNITED STATES MAGISTRATE JUDGE