1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIGUEL E. DIAZ,<br><br>           Plaintiff,<br><br>     v.<br><br>R. DIAZ, et al.,<br><br>           Defendants. | Case No.: 1:12-cv-01296-AWI-SAB (PC)<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>[ECF No. 38] |

Plaintiff Miguel E. Diaz is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's second amended complaint filed May 16, 2014.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare

1

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

### PLAINTIFF'S COMPLAINT

On April 30, 2012, Plaintiff went to his work assignment and correctional officers Lozano, Pilgrim, and Thomas refused to provide a "reasonable accommodation per the [Americans with Disabilities Act]." On this same date, Lozano refused to allow Plaintiff to physically access his assigned work site, in direct violation of the Americans with Disabilities Act (ADA).

Officers Lozano, Pilgrim, and Thomas sent Plaintiff to Lieutenant Gallagher who called appeal coordinator, Heck, who stated that Plaintiff's medical chrono was not valid without any medical examination or opinion by medical staff. Lieutenant Gallagher told Plaintiff he did not care if he bleed or suffered further tendon injury, stating "I don't care that[']s your problem."

On May 6, 2012, Plaintiff sent a letter to Warden Diaz to advise him of the violations of the ADA and First Amendment violations, and he ignored the letter.

///

///

2

On May 9, 2012, Plaintiff spoke with Lieutenant Morales who stated "your chrono is no good here."  When asked if that was based on a medical opinion, he stated "it doesn't matter I'm a Lt. and this is my yard and Lozano works for me and I'm backing him no matter what."

On May 8, 2012, Plaintiff wrote a letter to J. Reynoso, ADA coordinator, to complain about the violations of the ADA, and the letter was ignored.  She denied a "reasonable accommodation" for which she was responsible.  She had the authority to grant the reasonable accommodation but refused to do for three months.

On May 11, 2012, Plaintiff met with Lieutenant Popper and he faxed the valid chrono to A.W. Reynoso which allowed Plaintiff to wear personal soft shoes with orthotics at all sites including visiting to prevent further tendon injury and bleeding.  Lieutenant Popper refused to order compliance with the ADA in order to cover-up the blatant misconduct of her subordinates who denied reasonable accommodation and filed false disciplinary charges.

On May 13, 2012, correctional officer McDonald told Lozano, in Plaintiff's presence, to speak with Captain Vasquez or he could get in trouble for denying ADA rights to Plaintiff.  Despite being warned, Lozano still refused to comply with the chrono and subsequently filed false disciplinary charges against Plaintiff for filing an ADA appeal.

On May 13, 2012, Plaintiff sent a second letter to J. Reynoso complaining about Lozano's continued discrimination and retaliation.  She once again refused to act reasonably to protect him from misconduct by her subordinates, allowing a policy and custom of violating the ADA and First Amendment.

On May 14, 2012, Plaintiff spoke with Lieutenant Popper and requested that he stop the continuing discrimination and retaliation by Lozano.  He informed Plaintiff that he would speak to J. Reynoso.

On May 25, 2012, Plaintiff received a false rules violation report in retaliation for filing administrative appeals by Mr. Chavez at the direction of correctional officer Lozano.  Plaintiff was found not guilty by Lieutenant Andres based on Licensed Vocational Nurse Haines statement to Andres that Plaintiff's medical chrono was valid and to "stop denying him his rights, someone could get in trouble."  Lieutenant Andres advised Plaintiff against filing a grievance regarding the false rules

3

violation report.  Lieutenant Andres failed to protect Plaintiff from Lozano, Pilgrim, and Thomas' actions.

On May 28, 2012, Sergeant Beltran threatened Plaintiff by stating "I'll have your chrono pulled by the doctor, so C/O Lozano will be protected" in violation of Plaintiff's ADA and First Amendment right.  Beltran also failed to protect Plaintiff from the actions of his subordinates Lozano, Pilgrim, and Thomas.

On May 30, 2012, Plaintiff wrote again to A.W. Reynoso regarding the continued violations, and Reynoso conspired to violate Plaintiff's constitutional rights by failing to train, supervise, and discipline officers Lozano, Pilgrim, and Thomas.

On May 30, 2012, Plaintiff spoke with Lieutenant Popper regarding the ADA violations and he stated, "you didn't get convicted of the 115, you should be happy the LVN covered for you.

On June 4, 2012, correctional officer Mason told Plaintiff to update the chrono for his shoes. Plaintiff took this as a threat for filing his ADA appeal.  The tone of his voice and physical approach made Plaintiff feel "extremely uncomfortable."

On June 6, 2012, Plaintiff spoke with Sergeant J. J. Lopez and he advised that A.W.. Reynoso had never seen the chrono.  Lieutenant Popper spoke to Reynoso in Plaintiff's presence in which Reynoso indicated she received a copy of the chrono.

On June 11, 2012, Lieutenant Andres told Lozano to write a violation for Plaintiff refusing to wear state issued shoes.  Both Lieutenants Morales and Gallagher refused on multiple occasions to accept Plaintiff's ADA accommodation, relying not on a medical expert but on a non-medical opinion by appeals coordinator, Heck.

On August 6, 2012, Plaintiff's ADA appeal was granted at the second level of review.

On March 13, 2013, he was informed that correctional officer Root stated, "I'm getting sued so Diaz will not be allowed to come to work any longer.  I'm rescinding his reasonable accommodation and chrono."

From May 4, 2012, to the present, appeals coordinators Hall, Cota, and Heck have refused to act reasonably to protect him and take reasonable measures to restrain and/or discipline the officers for violating the ADA.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# III.

# DISCUSSION

### A.      Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff's allegations that correctional officer Lozano wrote a false disciplinary charge, approved by Lieutenants Andres and Popper, in retaliation for filing an administrative appeal, is sufficient to give to rise to a retaliation claim against these Defendants.

Further, Plaintiff claims that correctional officer Root repeatedly stated "you [are] the trailblazer for this 'reasonable accommodation' that I disagree with.  I intend to do something about it."  Plaintiff claims that officers Root and Thomas never stopped harassing him for being granted the administrative remedy for being a disabled person as that term is defined in the ADA.  The retaliation continued as well as Root and Thomas continually tried to "pressure/force" Plaintiff to "go get re-evaluated via medical treatment [he] did not need."  It is further alleged that On March 13, 2013, officer Root stated "I'm getting sued so [Plaintiff] will not be allowed to come to work any longer. I'm rescinding his reasonable accommodation and chrono.  This was a malicious violation of the ADA and [First] Amendment by him and C/O Thomas who agreed to do so as well."

Based on Plaintiff's allegations, he states a cognizable claim for retaliation against Defendants Andres, Popper, Root, Thomas, Lozano, Warden R. Diaz, and Associate Warden J. Reynoso.

///

1      **B.      Americans with Disabilities Act**

2          Throughout his complaint, Plaintiff makes repeated references to the fact that several

3   Defendants have violated the Americans with Disabilities Act.

4          Title II of the ADA "prohibit[s] discrimination on the basis of disability." <u>Lovell v. Chandler</u>,

5   303 F.3d 1039, 1052 (9th Cir. 2002).  "To establish a violation of Title II of the ADA, a plaintiff must

6   show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation

7   in or otherwise discriminated against with regard to a public entity's services, programs, or activities;

8   and (3) such exclusion or discrimination was by reason of [his] disability." <u>Lovell</u>, 303 F.3d at 1052.

9          The treatment, or lack of treatment, concerning Plaintiff's medical condition does not provide a

10  basis upon which to impose liability under the RA or the ADA.  <u>Burger v. Bloomberg</u>, 418 F.3d 882,

11  882  (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); <u>Schiavo ex rel.</u>

12  <u>Schindler v. Schiavo</u>, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical

13  treatment decisions); <u>Fitzgerald v. Corr. Corp. of Am.</u>, 403 F.3d 1134, 1144 (10th Cir. 2005) (medical

14  decisions not ordinarily within scope of ADA or RA); <u>Bryant v. Madigan</u>, 84 F.3d 246, 249 (7th Cir.

15  1996) ("The ADA does not create a remedy for medical malpractice.").

16         Further, Plaintiff may name the appropriate entity or state officials in their official capacities,

17  but he may not name individual prison employees in their personal capacities.  <u>Shaughnessy v.</u>

18  <u>Hawaii</u>, No. 09-00569 JMS/BMK, 2010 WL 2573355, at *8 (D.Hawai'i Jun. 24, 2010); <u>Anaya v.</u>

19  <u>Campbell</u>, No. CIV S-07-0029 GEB GGH P, 2009 WL 3763798, at *5-6 (E.D.Cal. Nov. 9, 2009);

20  <u>Roundtree v. Adams</u>, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1,

21  2005).   Individual liability is precluded under the ADA.  <u>Shaughnessy</u>, 2010 WL 2573355, at *8;

22  <u>Anaya</u>, 2009 WL 3763798, at *5-6; <u>Roundtree</u>, 2005 WL 3284405, at *5.

23         Plaintiff contends that several Defendants acted in violation of the ADA when they refused to

24  honor a medical chrono from a prior prison.  Even if it is assumed that Plaintiff is an individual with a

25  disability, Defendants' refusal to implement Plaintiff's medical chrono cannot be the basis of

26  Plaintiff's ADA claim as it indicates a refusal to provide certain medical care rather than

27  discrimination.  In addition, Petitioner names only individual defendants.  For all these reasons,

28  Plaintiff fails to state a claim for violation of the ADA.

### C.    Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow, 681 F.3d at 985; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff fails to state a cognizable claim.  Although Plaintiff makes reference to a chrono for certain orthopedic soft shoes, Plaintiff does not attach the chrono nor does Plaintiff explain the medical necessity of the chrono.  Without these details, the Court cannot determine whether Plaintiff has demonstrated a serious medical need and that Defendants were deliberately indifferent to such need.  Plaintiff will be granted leave to amend to cure this deficiency.  If Plaintiff choses to file a third amended complaint, Plaintiff must set forth the details of the medical chrono, the medical necessity of the chrono, and any medical consequences he has suffered as a result of the failure comply with the medical chrono.

### D.    Due Process Violation

With respect to placement in administrative segregation, due process requires only that prison officials hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the charges against him or the reasons for considering segregation, and allow the prisoner to present his views.  Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir.

1986) (quotation marks omitted).  Prisoners are not entitled to detailed written notice of charges, representation by counsel or counsel substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation.  Toussaint, 801 F.2d at 1100-01 (quotation marks omitted).  Further, due process does not require disclosure of the identity of any person providing information leading to the placement of a prisoner in administrative segregation.  Id. (quotation marks omitted).

Plaintiff contends that Lieutenant Gallagher found him guilty of four rules violation reports stating, "you wanted to mess with us, so this is what you get."  Lieutenant Gallagher denied Plaintiff witnesses, and right to present evidence in his defense.  Based on Plaintiff's allegations, he states a cognizable due process violation against Lieutenant Gallagher.

### E.   Conspiracy

To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights.  Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001).

Plaintiff makes reference to a conspiracy between appeals coordinators Hall, Cota, and Heck.  However, to state a claim for conspiracy, Plaintiff must allege specific facts showing two or more persons intended to accomplish an unlawful objective of causing Plaintiff harm and took some concerted action in furtherance thereof.  Gilbert v. City of Westminster, 177 F.3d 839 (9th Cir. 1999); Burns v. County of King, 883 F.2d 819, 822 (9th Cir. 1989) (conclusory allegations of conspiracy insufficient to state a valid § 1983 claim).  Because there are no facts to support the existence of a conspiracy, Plaintiff fails to state a cognizable claim for relief.

### F.   Inmate Appeals Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).  Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his

appeals.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

The fact that Hall, Cota and Heck denied Plaintiff's inmates appeals is insufficient to give rise to a constitutional violation.  Plaintiff cannot pursue any claims against staff for violation of the Due Process Clause relating to their involvement in the administrative review of his inmate appeals.  The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result.  Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640.  To state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, Iqbal, 556 U.S. at 676-677; Jones, 297 F.3d at 934, and liability may not be based merely on Plaintiff's dissatisfaction with a decision on a subsequent administrative review of a grievance of that underlying violation.  Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640.

### G.    Verbal Threats

Plaintiff contends that correctional officer Mason threatened him verbally by advising him to update his chrono.  Verbal harassment or abuse alone is not sufficient to state a claim under section 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Plaintiff's claim that officer Mason threatened him verbally fails to rise to a constitutional violation.  Accordingly, Plaintiff fails to state a cognizable claim against Defendant Mason.

### IV.

### CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties

9

and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.      Plaintiff's second amended complaint, filed May 16, 2014, is dismissed for failure to state a claim;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   __June 6, 2014__

UNITED STATES MAGISTRATE JUDGE

10